UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| DOUGLAS MEYER, }<br>ON BEHALF OF HIMSELF AND }<br>ALL OTHERS SIMILIARLY SITUATED, }<br>   }<br>Plaintiff, }<br>v }<br>   }<br>FOREST RECOVERY SERVICES, L.L.C., }<br>   }<br>Defendant. } | Civil Action, File No.<br>2:17-cv-00893-LDW-AYS |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Douglas Meyer [hereinafter "Meyer"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Forest Recovery Services, L.L.C. ("FRS"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on FRS's regular transaction of business within this district. FRS also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Meyer is a natural person who resides at 9 Viola Place, East Islip, NY 11730.

6. Meyer is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about October 7, 2015, FRS sent Meyer the letter annexed as Exhibit A. Meyer received and read Exhibit A. For the reasons set forth below, Meyer's receipt and reading of Exhibit A deprived Meyer of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, FRS sent Exhibit A to Meyer in an attempt to collect a past due debt.

9. Based upon Exhibit A referring to "services received from Suffolk Internal Medicine", and upon FRS, via Exhibit A, having attempted to collect this past due debt from Meyer in his individual capacity, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. FRS is a New York Domestic Limited Liability Corporation with a principal place of business located in Barrington, IL.

11. On Exhibit A, FRS identifies itself as a "debt collector" attempting to collect a debt.

12. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Per Exhibit A, FRS appears to be attempting to collect a debt on behalf of another.

14. Based upon the allegations set forth in the above 3 paragraphs, the principal purpose of FRS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

15. Based upon the allegations in the above three paragraphs, FRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

16. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 of this Complaint.

17. Exhibit A sets forth a "Balance" of $815 and "Current Bal" of $815.

18. Exhibit A does not set forth that the "Balance" of $815 or "Current Bal" of $815 may increase due to interest, late charges, and/or other charges.

19. Since Exhibit A does not set forth that the "Balance" of $815 or "Current Bal" of $815 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Balance" of $815 or "Current Bal" of $815 was static and that their payment of $815 would satisfy the debt irrespective of when the payment was remitted.

20. NY CPLR 5001(a) provides as follows:

    "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

21. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)".  Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

22. Meyer owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

23. NY CPLR 5001(b) provides as follows:

    "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

24. As regards the past due debt set forth in Exhibit A, the creditor had a guaranteed right to interest on the "Balance" of $815 or "Current Bal" of $815 from the date of Exhibit A or an earlier date.  NY CPLR 5001 (a) and (b); Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

25. Based on the above, the "Balance" of $815 or "Current Bal" of $815 set forth in Exhibit A was not static.  Instead, interest was in fact accruing on the "Balance" of $815 or "Current Bal" of $815 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

26. Based on the above, FRS or the creditor could seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Balance" of $815 or "Current Bal" of $815 set forth in Exhibit A balance was paid.

27. In the alternative, based on the above, the creditor could have sold Meyer's debt to a third party and such third party could seek the interest that accumulated after Exhibit A was sent but before the "Balance" of $815 or "Current Bal" of $815 set forth in Exhibit A balance was paid.

28. Based on the above, since Exhibit A does not set forth that the "Balance" of $815 or "Current Bal" of $815 may increase due to interest, FRS violated 15 USC § 1692e by sending Exhibit A to Meyer.

## SECOND CAUSE OF ACTION-CLASS CLAIM

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 of this Complaint.

30. Exhibit A set forth a "Balance" and "Current Bal" of $815.

31. Upon information and belief, any "Amount of the Debt" resulted from an agreement entered into between Meyer and the creditor to whom the debt originally was owed.

32. Upon information and belief, the aforementioned agreement allowed the creditor to whom the debt originally was owed and any assignee or successor-in-interest to charge Meyer interest, late charges, and/or other charges in addition to any "Balance" or "Current Bal".

33. The aforementioned right to charge Meyer interest, late charges, and/or other charges in addition to any "Balance" or "Current Bal" is not waived by the creditor to whom the debt originally was owed or any assignee or successor-in-interest as a result of a failure by either the creditor to whom the debt originally was owed or any assignee or successor-in-interest at any point in time to charge Meyer interest, late charges, and/or other charges in addition to any "Balance" or "Current Bal".

34. Exhibit A failed to notify Meyer that his "Balance" or "Current Bal" may increase due to interest, late charges, and/or other charges.

35. For the above reasons, as a result of the aforementioned omissions from Exhibit A set forth in this paragraph, FRS violated 15 USC § 1692e as a result of sending Exhibit A to Meyer.

## THIRD CAUSE OF ACTION-CLASS CLAIM

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 of this Complaint.

37. Exhibit A does not identify in any manner or does not clearly, effectively, or properly identify the "creditor" and/or the entity to whom the debt is owed or on whose behalf FRS was attempting to collect the debt.

38. Based on the above, FRS violated 15 USC 1692e and 15 USC 1692e(10) by sending Exhibit A to Meyer.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

39. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 of this Complaint.

40. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

41. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

42. The classes consist of:

   I. (a) all natural persons (b) who received a letter from FRS dated between October 7, 2015 and the present to collect an alleged past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the alleged past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

II. (a) all natural persons (b) who received a letter from FRS dated between October 7, 2015 and the present to collect an alleged past due debt, (c) in a form materially identical or substantially similar to Exhibit A;

III. (a) all natural persons (b) who received a letter from FRS dated between October 7, 2015 and the present to collect an alleged past due debt allegedly due to the creditor to whom the debt is owed, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the alleged past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt; and/or

IV. (a) all natural persons (b) who received a letter from FRS dated between October 7, 2015 and the present to collect an alleged past due debt allegedly due to the creditor to whom the debt is owed, (c) in a form materially identical or substantially similar to Exhibit A.

43. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

44. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

45. The predominant common question is whether Defendant's letters violate the FDCPA.

46. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

47. A class action is the superior means of adjudicating this dispute.

48. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against FRS in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:  May 17, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709