UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
DOUGLAS MEYER, on behalf of himself
and all others similarly situated
                Plaintiff,                      **ANSWER**

      -against-                      **17-cv-893**

FOREST RECOVERY SERVICES, LLC.
                Defendant.
------------------------------------x

        Defendant, FOREST RECOVERY SERVICES, LLC, by its attorneys, BARRON & NEWBURGER, P.C. answers plaintiff's complaint as follows:

        1.   Defendant admits the allegations contained in paragraph "1" of the complaint.

        2.   Defendant admits the allegations contained in paragraph "2" of the complaint.

        3.   Defendant admits the allegations contained in paragraph "3" of the complaint.

        4.   Defendant admits the allegations contained in paragraph "4" of the complaint.

        5.   Defendant admits the allegations contained in paragraph "5" of the complaint.

        6.   Defendant admits the allegations contained in paragraph "6" of the complaint.

7.    Defendant admits sending correspondence to the plaintiff dated October 7, 2015, but denies that the correspondence violated any provision of the Fair Debt Collection Practices Act.

8.    Defendant admits the allegations contained in paragraph "8" of the complaint.

9.    Defendant admits the allegations contained in paragraph "9" of the complaint.

10.   Defendant admits the allegations contained in paragraph "10" of the complaint.

11.   Defendant admits the allegations contained in paragraph "11" of the complaint.

12.   Defendant admits the allegations contained in paragraph "12" of the complaint.

13.   Defendant admits the allegations contained in paragraph "13" of the complaint.

14.   Defendant admits the allegations contained in paragraph "14" of the complaint.

15.   Defendant admits the allegations contained in paragraph "15" of the complaint.

16.   Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through "15" of the complaint.

17. Defendant admits the allegations contained in paragraph "17" of the complaint.

18. Defendant admits that the balance assigned to it for collection will not increase due to interest, late charges, and/or other charges.

19. Defendant admits that the balance assigned to it for collection will not increase due to interest, late charges, and/or other charges.

20. This paragraph contains no factual allegations directed against the defendant and requires no admission or denial.

21. This paragraph contains no factual allegations directed against the defendant and requires no admission or denial.

22. Defendant denies each and every allegation contained in paragraph "22" of the complaint.

23. This paragraph contains no factual allegations directed against the defendant and requires no admission or denial.

24. Defendant denies each and every allegation contained in paragraph "24" of the complaint.

25. Defendant denies each and every allegation contained in paragraph "25" of the complaint.

26. Defendant denies each and every allegation contained in paragraph "26" of the complaint.

27. Defendant denies each and every allegation contained in paragraph "27" of the complaint.

28. Defendant denies each and every allegation contained in paragraph "28" of the complaint.

29. Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through "28" of the complaint.

30. Defendant admits the allegations contained in paragraph "30" of the complaint.

31. Defendant admits the allegations contained in paragraph "31" of the complaint.

32. Defendant denies each and every allegation contained in paragraph "32" of the complaint.

33. Defendant denies each and every allegation contained in paragraph "33" of the complaint.

34. Defendant denies each and every allegation contained in paragraph "34" of the complaint.

35. Defendant denies each and every allegation contained in paragraph "35" of the complaint.

36. Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through "35" of the complaint.

37. Defendant denies each and every allegation contained in paragraph "38" of the complaint.

38. Defendant denies each and every allegation contained in paragraph "38" of the complaint.

39. Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through "38" of the complaint.

40. Defendant denies each and every allegation contained in paragraph "40" of the complaint.

41. Defendant acknowledges plaintiff's efforts to bring this matter as a class action, but denies that this matter is suitable for class certification.

42. Defendant acknowledges plaintiff's efforts to bring this matter as a class action, but denies that this matter is suitable for class certification.

43. Defendant acknowledges plaintiff's efforts to bring this matter as a class action, but denies that this matter is suitable for class certification.

44. Defendant acknowledges plaintiff's efforts to bring this matter as a class action, but denies that this matter is suitable for class certification.

44. Defendant acknowledges plaintiff's efforts to bring this matter as a class action, but denies that this matter is suitable for class certification.

45. Defendant acknowledges plaintiff's efforts to bring this matter as a class action, but denies that this matter is suitable for class certification.

46. Defendant acknowledges plaintiff's efforts to bring this matter as a class action, but denies that this matter is suitable for class certification.

47. Defendant acknowledges plaintiff's efforts to bring this matter as a class action, but denies that this matter is suitable for class certification.

48. Defendant acknowledges plaintiff's efforts to bring this matter as a class action, but denies that this matter is suitable for class certification.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

49. Plaintiff's claims under the Fair Debt Collection Practices Act are governed by a one year statute of limitations.

50. That plaintiff's claim began to run upon his receipt of the correspondence identified in plaintiff's complaint as Exhibit "A."

51. That the correspondence identified in plaintiff's complaint as Exhibit "A" is dated October 7, 2015 and was sent to plaintiff on or about that date.

52. That plaintiff's complaint is dated May 17, 2017 which is more than one year after plaintiff's receipt of the correspondence sent to him by the defendant.

53. As a result of the foregoing facts, plaintiff's claim is barred by the appropriate statute of limitations for the FDCPA.

WHEREFORE, defendant respectfully requests that plaintiff's complaint be dismissed.

Dated: New City, NY
       May 26, 2017

_____
ARTHUR SANDERS
BARRON & NEWBURGER, P.C.
Attorneys for defendant
30 South Main Street
New City, NY  10956
845-499-2990

To:
MITCHELL L. PASHKIN, ESQ.
Attorney for plaintiff
775 Park Avenue, Suite 225
Huntington, NY 11743
631-629-7709